SERCARZ & RIOPELLE, LLP

CARNEGIE HALL TOWER
152 WEST 57TH STREET, 24TH FLOOR
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

JULIA L. GATTO
BRUCE SEELIGER*
*ADMITTED IN NY & NJ

**MEMO ENDORSED**

July 16, 2007

**VIA HAND DELIVERY**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-25-07

The Honorable Leonard B. Sand
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Endorsement
Granted except
that date for
defendants 10/8/07
motion is 10/8/07
Speedy trial
exclusion from
this date until
filing of motion
So ordered
LB Sand
USDJ*

Re: *United States v. Mohammed Al Kokabani*, 07 CR 394 (LBS)

Your Honor:

We represent Mr. Al Kokabani in the above-referenced indictment and, as requested at the last conference, we write to alert the Court to the nature of the pre-trial motions we intend to make and the time frame within which we intend to file them. As explained in more detail below, Mr. Al Kokabani anticipates, within the next eight weeks, filing a motion to dismiss the indictment on the grounds that the instant prosecution is barred by the Double Jeopardy clause of the Fifth Amendment. In support of defendant's contention that his Double Jeopardy rights have been violated, defendant will seek particulars from the government. Should a dispute arise regarding the government's discovery obligations, we also will file a motion for discovery within the same time frame.

**Nature of Motion**

Mr. Al Kokabani is charged in the instant indictment with conspiring to violate, and a substantive violation of, 18 U.S.C. § 473 by allegedly buying, selling, exchanging, transferring, receiving, or delivering counterfeited United States currency. According to the indictment, on May 16, 2006, Mr. Al Kokabani met another individual in the Bronx, New York for the purpose of exchanging genuine currency for counterfeited currency.

In August of 2006, Mr. Al Kokabani was charged with (and later pleaded guilty to) similar offenses in the Eastern District of North Carolina. In Indictment No. 06 CR 207, Mr. Al Kokabani was charged with conspiring to violate, and a substantive violation of, 18 U.S.C. § 472 by allegedly passing, uttering, concealing, and keeping in possession counterfeited United States currency. According to the North Carolina indictment, in or



The Hon. Sand
July 16, 2007
Page 2 of 2

about May, 2006, Mr. Al Kokabani purchased counterfeited money in New York which he transported to North Carolina to be passed to North Carolina shop proprietors. On January 22, 2007, pursuant to a plea agreement, Mr. Al Kokabani pleaded guilty to the charged conduct and was sentenced to 12 months imprisonment.

Both the North Carolina and Southern District indictments allege conduct: (1) that took place in May, 2006; (2) originating in the New York area; (3) with the objective of transferring counterfeited currency. Under these circumstances, we believe that the Double Jeopardy Clause may bar the Southern District prosecution.

**Time Frame for Motion**

We are still gathering information regarding both the North Carolina and New York indictments. Before filing the motion, we will have to review the complete North Carolina record, most likely seek further particularization from the government regarding the New York indictment, and engage in a highly fact-intensive comparison of the two. See United States v. Korfant, 771 F.2d 660, 662 (2d Cir. 1985)(identifying eight specific factors that should be evaluated to determine whether successive prosecutions violate a defendant's Double Jeopardy rights). Therefore, we ask that the Court set a deadline of **September 10, 2007** for the filing of defendant's motions. This schedule also will serve to accommodate defense counsel's August vacation plans.

Defendant has no objection to excluding the time between today and the filing of his motions pursuant to the Speedy Trial Act in order to afford defense counsel adequate time to make the above-described motions. Defendant is released on bail and, upon information and belief, has remained fully compliant with all of the conditions of his release.

Most respectfully yours,

Julia L. Gatto

cc:   AUSA Benjamin Naftalis (by facsimile)
      Steven K. Frankel, counsel to defendant Adel Moshin (by facsimile)



**MEMO ENDORSED**