RECEIVED NOV 14 2007 CHAMBERS OF LEONARD B. SAND

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11-20-07

MEMO ENDORSED

**SERCARZ & RIOPELLE, LLP**
CARNEGIE HALL TOWER
152 WEST 57TH STREET, 24TH FLOOR
NEW YORK, NEW YORK 10019

1-212-586-4900
FACSIMILE 1-212-586-1234

ROLAND G. RIOPELLE
MAURICE H. SERCARZ*

JULIA L. GATTO
BRUCE SEELIGER*
ROBERT A. LIGUORI
*ADMITTED IN NY & NJ

November 13, 2007

**Via Hand Delivery**

The Honorable Leonard B. Sand
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *United States v. Mohammed Al Kokabani*, 07 CR 394 (LBS)

Your Honor:

  We write, pursuant to 18 U.S.C. § 3006A(e)(1), to request the appointment of an immigration expert, Alexandra Tseitlin, Esq., under the Criminal Justice Act ("CJA") to aid defense counsel in representing Mr. Al Kokabani during plea negotiations and sentencing. As explained more thoroughly below, defense counsel requires the assistance of Ms. Tseitlin, an expert in legal issues involving deportability of convicted felons, in order to adequately inform Mr. Al Kokabani regarding the immigration consequences of pleading guilty in this matter and in order to participate, with full information, in drafting a plea agreement.

  A copy of Ms. Tseitlin's C.V. is annexed hereto. For her work on this case, Ms. Tseitlin agrees to bill at a reduced rate of $94.00 an hour (the CJA rate for appointed defense counsel). We do not anticipate that Ms. Tseitlin will spend more than 10 hours working on this matter.

**Applicable Law**

  The Criminal Justice Act of 1964 provides in pertinent part: "Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application." 18 U.S.C. § 3006A(e)(1). The statute requires the district court to authorize these funds when a defense attorney makes a timely request in circumstances in which a reasonable attorney would engage such services for a client having the independent financial means to pay for them. United States v. Durant, 545 F.2d 823, 827 (2d Cir.1976); see United States v. Oliver, 626 F.2d 254, 259 (2d Cir.1980). In requesting services, the defendant "has the burden of satisfying the district court that the services



The Honorable Leonard B. Sand
November 13, 2007
Page 2 of 3

are reasonably necessary [and] must articulate a reasonable basis for [the requested services]." United States v. Sanchez, 912 F.2d 18, 22 (2d Cir.1990) (internal quotation marks omitted). Judges are instructed to entertain defense counsel's requests with "a liberal attitude." Id. "[M]ost courts rely on the judgment of the defense attorney ...." and also must "exercise [their] discretion in determining whether such services are necessary." Id.

**The Requested Services Are Necessary**

We anticipate that Mr. Al Kokabani will enter a guilty plea pursuant to a plea agreement to dispose of the instant matter. Mr. Al Kokabani has a Green Card but is not an American citizen. His wife and children are American citizens. Should he plead guilty, this conviction will be Mr. Al Kokabani's second felony counterfeit conviction. The undersigned firm is not qualified in the specialty of immigration law. Our research regarding the immigration consequences for a second counterfeit offense has not produced a straight forward answer and we have found that the relevant statutes are intricate and complicated. We fear, therefore, that, without the aid of an immigration expert, we will not advise Mr. Al Kokabani fully about the immigration consequences of his anticipated guilty plea. Furthermore, based on our research, it appears that, with the aid of learned immigration counsel, the parties may be able to agree to stipulated language in the plea agreement which could help protect Mr. Al Kokabani from deportation after the disposition of this case. Therefore, in order to adequately represent Mr. Al Kokabani during plea negotiations and in advising him regarding the consequences of entering a guilty plea, we require the assistance of Ms. Tseitlin, an expert on immigration law.

**The Defendant Is Financially Unable To Obtain The Services Requested**

At Mr. Al Kokabani's arraignment on May 24, 2007, Judge Fox determined that Mr. Al Kokabani is financially unable to obtain legal and professional services and that he qualifies for CJA appointment. Mr. Al Kokabani's financial condition has not improved dramatically since the filing of his CJA 23 Financial Affidavit. Mr. Al Kokabani currently earns $350.00 a week working at a Deli in the Bronx. He supports his wife, two young children (a 4 year old and a 2 year old), his mother-in-law, and his brother-in-law, all of whom live with Mr. Al Kokabani. Their rent is $216.00 a month. Additionally, Mr. Al Kokabani has expenses for food, clothing, and utilities.

Based on Judge Fox's initial finding and Mr. Al Kokabani's continued lack of any significant means for financing, we respectfully submit that Mr. Al Kokabani qualifies for the relief requested herein. See United States v. Fomet, No. 84 CR 841, 1985 WL 252, at * 2 (S.D.N.Y. Feb. 5, 1985) (approving appointment of expert pursuant to 18 U.S.C. 3006A(e)(1) because defendants "already qualified for appointment of counsel.").



MEMO ENDORSED

The Honorable Leonard B. Sand
November 13, 2007
Page 3 of 3

**Conclusion**

        Based on the foregoing, it is respectfully submitted that the Court appoint Ms. Tseitlin to act as an immigration expert and participate in plea negotiations and the drafting of a plea agreement in this matter. In the alternative, defendant requests a hearing to be heard further on his motion.

        Respectfully submitted,

        Julia L. Gatto
        Maurice H. Sercarz

cc: Benjamin Naftalis (via facsimile)

*Endorsement*

[Handwritten: Granted to the extent of allowing a consultation with Alexandra Tseitlin, Esq. not to exceed two hours. So ordered. Sand USDJ 11/15/07]

**MEMO ENDORSED**